UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

**JAMES G. POLLY,**

                **Plaintiff,**

v.                                                            Civil Action No.: 3:22-cv-00127

**THE UNITED STATES OF AMERICA,**

      Serve:     Jessica D. Aber, Esq.
                      United States Attorney for the Eastern
                      District of Virginia
                      United States Attorney's Office—
                      Eastern District of Virginia
                      919 E. Main Street
                      Suite 1900
                      Richmond, VA 23219

                      **Defendant**

## COMPLAINT

Plaintiff, James G. Polly, by counsel, for his Complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2874, moves this Court to enter judgment for compensatory damages against the Defendant, The United States of America ("Defendant USA"), for personal injury caused by the negligent or wrongful act or omission of an employee of the United States, on the grounds and in the amount as set forth below:

### Jurisdiction and Venue

1.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant under color of federal law. The Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346 in that this is a claim against Defendant USA, for money damages, accruing on or after January 1, 1945, for personal

injury caused by the negligent and wrongful acts and omissions of an employee of the Government while acting within the course and scope of her employment, under circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

2. Jurisdiction founded upon federal law is proper in that this action is premised upon federal causes of action under the FTCA, 28 U.S.C. § 2671, *et seq.*

3. Pursuant to the FTCA, Plaintiff, by counsel, on June 11, 2021, presented his claim to the appropriate federal agency for administrative settlement under the FTCA. The federal agency failed to make final disposition of the claim within six months, which, pursuant to 28 U.S.C. § 2675(a), can be considered a final denial of the claim.

4. This action is timely pursuant to 28 U.S.C. § 2401.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in this district.

## **Parties**

6. Plaintiff James Polly is a resident of Spotsylvania County, Virginia.

7. Defendant USA was, at the time of the crash giving rise to this Complaint, the employer of Melissa Castillo ("Castillo"), a postal delivery driver, whose negligence in the course and scope of her employment gives rise to this Complaint.

8. Ms. Castillo, at all material times, was an employee of Defendant USA and was acting within the course and scope of her employment at the time of the crash that is the subject of this Complaint.

9. On June 20, 2019, at approximately 1:35 p.m., Plaintiff was the front seat passenger of a 2019 Mazda wagon operated by his wife, Cherry Polly ("Plaintiff's vehicle"),

traveling in an easterly direction on Lake Anna Parkway, near the intersection of Dixon Lane, in Spotsylvania County, Virginia.

10. At that same time, Defendant USA's employee Castillo was operating a 1988 Grumman LLV postal truck in an easterly direction on the right shoulder of Lake Anna Parkway, just past Dixon Lane.

11. At all material times, under Virginia law, Castillo had a duty to operate Defendant USA's vehicle with reasonable care and due regard for others using the road, including but not limited to maintaining a proper lookout; keeping the vehicle under proper control; operating the vehicle in a safe manner; maintaining the vehicle in the appropriate lane of travel; and to otherwise obey all applicable rules of the road.

12. Notwithstanding these duties, as Plaintiff's vehicle passed Dixon Lane, Castillo carelessly, recklessly, without warning, suddenly made an abrupt left turn in front of Plaintiff's vehicle, as if making a U-turn, causing Plaintiff's vehicle to crash head-on into the side of the postal truck.

13. As a direct and proximate result of Castillo's negligence, Plaintiff was caused to sustain serious and permanent injuries; has suffered and will continue to suffer great pain of body and mind and inconvenience; has incurred and will continue to incur medical bills in an effort to be cured of these injuries; and has incurred and will likely incur loss of income and/or loss of earning capacity.

14. The foregoing acts and omissions by Castillo, a federal employee as described herein, constitute negligence under Virginia law.   Therefore, under the Federal Tort Claims Act, Defendant USA is liable for Castillo's acts or omissions.

WHEREFORE, Plaintiff prays for judgment against Defendant The United States of America in the amount of $12,500,000 in compensatory damages, together with prejudgment and postjudgment interest thereon from June 20, 2019, until paid; her costs in this matter expended; and such other relief that is just and proper under the circumstances.

                                                    JAMES G. POLLY

                                            By:    */s/ Jason M. Hart*
                                                           Of Counsel

S. Geoffrey Glick, Esquire (VSB #28800)
gglick@joelbieber.com
Joel D. Bieber, Esquire (VSB #28319)
jbieber@joelbieber.com
Jason M. Hart, Esquire (VSB #76818)
jhart@joelbieber.com
The Joel Bieber Firm
6806 Paragon Place, Suite 100
Richmond, VA 23230
(804) 358-2200
(804) 358-2262 (Facsimile)
*Counsel for Plaintiff*